UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Antoine Mayes,<br><br>    *Petitioner*,<br><br> – against –<br><br>United States,<br><br>    *Respondent*. | **12-CR-0385 (ARR)**<br>**17-CV-6789 (ARR)**<br><br><br>**Not for Publication**<br><br><br>**Opinion & Order** |

ROSS, United States District Judge:

On September 21, 2018, I denied petitioner's *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. *See Mayes v. United States*, No. 12-CR-0385 (ARR), 2018 WL 4558419 (E.D.N.Y. Sept. 21, 2018). Petitioner then timely filed a *pro se* motion under Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure seeking to alter my earlier decision. *See* Mot., ECF No. 317. That motion has now been exhaustively briefed. As explained below, because none of the arguments raised by petitioner is meritorious, the motion is denied.[1]

## DISCUSSION

"The standards governing motions for amendment of findings under Rule 52(b), motions to alter or amend a judgment pursuant to Rule 59(e), and motions for reconsideration pursuant to Local Rule 6.3 are the same." *Smith v. City of New York*, 1 F. Supp. 3d 114, 123 (S.D.N.Y. 2013) (quoting *ResQnet.com, Inc. v. Lansa, Inc.*, No. 01-CV-3578 (RWS), 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008)). Such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the

---

[1] I assume the reader's familiarity with the factual background of this case, which is recited in my previous opinion. *See Mayes*, 2018 WL 4558419, at *1–3.

court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). That said, "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Santiago v. Stamp*, 303 F. App'x 958, 960 (2d Cir. 2008) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

A.    **Petitioner has failed to show that he received ineffective assistance of counsel, or that he was the victim of prosecutorial misconduct.**

Of the issues raised in the instant motion, only one warrants extended explanation.

On direct appeal to the Second Circuit, petitioner argued, *inter alia*, that the government had adduced insufficient evidence to support his conviction on Count Two—using, carrying, and possessing one or more machineguns[2] in furtherance of the "Mayes Enterprise," the racketeering offense charged in Count One. *See United States v. Mayes*, 650 F. App'x 787, 789 (2d Cir. 2016); Superseding Indictment ¶¶ 7, 31, ECF No. 115. In affirming petitioner's conviction, the circuit summarily rejected the claim, writing, "our review of the trial record confirms that a reasonable jury could find that Antoine Mayes possessed a machinegun in furtherance of the racketeering enterprise, in violation of 18 U.S.C. § 924(c)(1)(B)(ii)." *United States v. Mayes*, 650 F. App'x at 789.

This conclusion no doubt rested in part on the trial testimony of Don Johnson, one of petitioner's coconspirators. Johnson testified that another of petitioner's coconspirators—petitioner's brother, Anthony—told Johnson that petitioner, in furtherance of the enterprise, had "shot a block up with a Tec," which Johnson identified as "a fully auto gun" that "fires round after round when you squeeze the trigger." Trial Tr. 487, ECF No. 220. Johnson also testified that over the course of their lengthy association as part of the enterprise, petitioner

---

[2] "Machinegun" is a statutory term of art that includes "any weapon which shoots . . . automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b). In other words, "fully automatic" firearms are machineguns; "semiautomatic" guns are not. *See Staples v. United States*, 511 U.S. 600, 602 n.1 (1994).

had directed Johnson to "commit . . . shootings" with "machine guns." Trial Tr. 739–40, ECF No. 220-1.

In his initial petition for habeas corpus, filed November 16, 2017, petitioner recast his attack upon his machinegun conviction (Count Two) as one of ineffective assistance of counsel. *See* Habeas Mot. 3–4, 6–8, ECF No. 306. Specifically, petitioner urged that trial counsel's performance was deficient because, *inter alia*, counsel failed, in cross-examining Johnson, to pursue a line of inquiry that would have established that the "Tec" that Johnson "described as a 'fully auto gun'" did not fit the statutory definition of a "machinegun." *Id.* at 7. In my opinion rejecting this claim, I pointed out that petitioner had offered no basis to believe that trial counsel should have known that the gun in question was not fully automatic or that such cross-examination would have been fruitful. *Mayes*, 2018 WL 4558419, at *7.

As part of, or in addition to, his ineffective-assistance argument, petitioner also asserted that, "[f]rom police reports, the Government knew in advance of trial that a Tec-9 was a semiautomatic weapon" but "remained silent during testimony intimating otherwise." Habeas Mot. 6. In my decision, I observed that "none of the grounds for relief presented in the § 2255 petition include[d] prosecutorial misconduct" and noted that "any implied prosecutorial-misconduct claims [were] procedurally barred" since petitioner had failed to show "'cause and prejudice' or 'actual innocence.'" *Mayes*, 2018 WL 4558419, at *7 n.9 (quoting *Garafola v. United States*, 909 F. Supp. 2d 313, 328 (S.D.N.Y. 2012)).

In moving for reconsideration of my decision, petitioner continued to refer to unspecified "police reports," which he alleged were disclosed in advance of trial and confirmed that the "Tec" about which Johnson testified was "'NOT' automatic." Pet'r Br. 9–10, ECF No. 317-1. Eventually, in reply to the government's observation that petitioner had failed to supply the reports to which he alluded (*see* Gov't Opp'n 4, ECF No. 321), petitioner submitted

a New York City Police Department Firearm Examination Report that describes a gun used in a 2005 attempted murder—in which petitioner was implicated at trial (*see* Trial Tr. 1506–1519, ECF No. 280)[3]—as a semiautomatic rifle. *See* Pet'r Reply Ex. D, ECF No. 324. Relying on this report,[4] petitioner argues that Johnson's trial testimony about "the Tec" was untruthful, that trial counsel should have known of the falsity of the testimony in advance of trial as the report had been produced in discovery, and that trial counsel's performance was objectively unreasonable because counsel unaccountably neglected to make use of the report to impeach Johnson's testimony. *See* Pet'r Br. 10–12.

In his motion for reconsideration, petitioner has also confirmed that he intended to allege prosecutorial misconduct, relying on the same firearm report. *See id.* at 8–10.[5] Specifically, he contends that the government violated his due-process rights by knowingly eliciting from Johnson false testimony that petitioner used a machinegun in furtherance of the charged enterprise. *See id.* at 10–11; Pet'r Reply 5–8; Pet'r Surreply 2–4, ECF No. 326.

Significantly, both arguments—ineffective assistance of counsel and prosecutorial misconduct—are rooted in a single assumption: that the incident Johnson related in his testimony concerning petitioner firing a machinegun *is* the 2005 incident described in the firearm report as involving a semiautomatic weapon. The flaw in both arguments is that this underlying assumption is unsupported.

---

[3] This was the attempted murder of Darryl Young that was charged in the indictment as Racketeering Act Seven of Count One, the racketeering charge. *See* Superseding Indictment ¶ 14.

[4] Petitioner also cites a November 2013 *in limine* motion in which the government refers to the weapon he used in the Young attempted murder as a "machinegun" (Mot. in Lim. 10, ECF No. 92). Specifically, the government asserted that, "[o]n July 20, 2005, Antoine Mayes and another Enterprise associate . . . observed members of a rival crew on their block" and "Antoine Mayes fired his machinegun in the air, causing the rival crew members to flee." *Id.* The reference to a "machinegun," made in a motion filed by the government several months before trial, was, as the government has now acknowledged, mistaken. *See* Gov't Surresponse 2 n.1, ECF No. 325.

[5] Petitioner does not, however, make the required showing of "'cause and prejudice' or 'actual innocence'" (*Mayes*, 2018 WL 4558419, at *7 n.9 (quoting *Garafola*, 909 F. Supp. 2d at 328)). *See supra* p. 3.

4

Nothing in the trial evidence suggests that the 2005 attempted murder of Darryl Young, charged in Racketeering Act Seven, and the evidence of petitioner's use of a machinegun in furtherance of the Mayes Enterprise, charged in Count Two, relate to the same incident. Nor is there evidence that the weapon petitioner used during the 2005 incident, unquestionably a semiautomatic rifle, was the "Tec" about which Johnson testified. In fact, the jurors were repeatedly specifically instructed that they could not even consider the evidence of the weapons used in the 2005 attempted murder, including the gun described in the firearm report, in evaluating petitioner's innocence or guilt of the machinegun charge. I twice delivered this limiting instruction during the government's case. *See* Trial Tr. 1519–20, ECF No. 280; Trial Tr. 2291–92, ECF No. 282. I again delivered the instruction as part of the final jury charge when I delineated the elements of the firearms crime charged in Count Two. *See* Jury Charge 71, ECF No. 285. As part of this portion of the jury charge, I included instructions on the requirement that the jurors unanimously determine whether the government had met its burden of proving that one or more of the firearms that petitioner used, carried, or possessed (or assisted another in using, carrying, or possessing) was a machinegun. *See id.* at 73–74.

As he has not established that Johnson's testimony related to the 2005 incident, petitioner's claim that the firearm report proves that he did not use a fully automatic machinegun in furtherance of the racketeering enterprise fails. Nor does the record support petitioner's claims of ineffective assistance of counsel or prosecutorial misconduct. On a motion under Rules 52(b) and 59(e), "[t]he burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co.*, 841 F.3d 122 (2d Cir. 2016). Petitioner has not met that burden.

B.  **The court did not find that petitioner's crime-of-violence argument was procedurally barred.**

In my previous opinion, although I noted that petitioner was "likely barred" from challenging his sentences for committing "crimes of violence" under 18 U.S.C. § 924(c) since he had not raised that argument in the direct appeal of his conviction, I nevertheless rejected his challenge "on the merits." *Mayes*, 2018 WL 4558419, at *3–4. Petitioner now argues that his claim was not procedurally barred (*see* Pet'r Br. 3–8) but offers nothing to suggest that the merits ruling was flawed. As a result, his argument could not possibly "alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

C.  **Petitioner's "right to put on a defense" was not violated.**

In his original § 2255 motion, petitioner argued that "[t]rial counsel was constitutionally ineffective for . . . failing to call a firearms and ballistics analysis expert for the defense." Habeas Mot. 8. Finding that the proposed expert testimony "would have been cumulative and unnecessary," I concluded that "trial counsel's failure to call an expert witness did not constitute ineffective assistance." *Mayes*, 2018 WL 4558419, at *9. I also noted that "trial decisions regarding 'the objections to make, the witnesses to call, and the arguments to advance' 'do not require client consent.'" *Id.* (quoting *McCoy v. Louisiana*, 138 S. Ct. 1500, 1509 (2018)). Now, purporting to rely on the Supreme Court's decision in *McCoy*, petitioner argues that I should have construed his motion as arguing that "trial counsel usurped [his] . . . right to put on a defense." Pet'r Br. 14.

Petitioner misreads *McCoy*. There, the Court held that among the rights "reserved for the client" is the "[a]utonomy to decide that the objective of the defense is to assert innocence." 138 S. Ct. at 1508. That case involved a defendant accused of murder whose attorney, over the defendant's objections, in an attempt to avoid the death penalty, conceded to the jury that the defendant was the killer. *See id.* at 1506–07. The Court ruled that that

violated the defendant's constitutional rights (*id.* at 1511), explaining that while attorneys may make "strategic choices about how best to *achieve* a client's objectives," the client himself must be free to choose "what [his] objectives in fact *are*" (*id.* at 1508).

In this case, trial counsel did not overrule petitioner regarding the "objective of his defense," nor did he overrule petitioner's decision whether to testify in his own defense—either of which would have violated petitioner's constitutional rights. *Id.* at 1505, 1508. Instead, petitioner alleges that trial counsel failed to call a nonparty witness—a strategic decision that, for reasons previously explained, did not constitute ineffective assistance (*see Mayes*, 2018 WL 4558419, at *9). "Putting to one side the exceptional cases in which counsel is ineffective, the client must accept the consequences of the lawyer's decision . . . to decide not to put certain witnesses on the stand . . . ." *Taylor v. Illinois*, 484 U.S. 400, 418 (1988). Petitioner's argument fails.

## D.  **Petitioner is not entitled to an evidentiary hearing.**

Finally, I previously denied petitioner's request for an evidentiary hearing because I found that petitioner failed to make out "a plausible claim of ineffective assistance of counsel." *Mayes*, 2018 WL 4558419, at *10. In doing so, I relied on binding Second Circuit authority, which provides that, "[t]o warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish . . . that he has a 'plausible' claim of ineffective assistance of counsel." *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000)).

Petitioner now argues that plausibility is the wrong standard, pointing to the statutory language that provides that "the court shall" grant a hearing "[u]nless the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief." 28 U.S.C.

§ 2255(b) (emphasis added).[6] But a habeas petitioner's claim is *plausible* if and only if "the motion and the files and records of the case [do not] conclusively show that the prisoner is entitled to no relief" (§ 2255(b)). *See Puglisi*, 586 F.3d at 213. The standards are the same.

## CONCLUSION

For the foregoing reasons, petitioner's motion is denied.[7]

So ordered.

\_\_\_\_/s/_____
Allyne R. Ross
United States District Judge

Dated:      March 25, 2019
            Brooklyn, New York

---

[6] Petitioner also cites to Third Circuit cases interpreting the § 2255 standard. *See* Pet'r Br. 18 (citing *United States v. McCoy*, 410 F.3d 124 (3d Cir. 2005); *United States v. Tolliver*, 800 F.3d 138 (3d Cir. 2015)). Needless to say, to the extent that these decisions conflict with controlling Second Circuit law, I do not consider them.

[7] In the instant motion, petitioner appears also to challenge the denial of a certificate of appealability in my previous order. *See* Mot. 2–3. A certificate of appealability "may be granted 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012) (quoting 28 U.S.C. § 2253(c)(2)). In my previous opinion, I found that petitioner had not made the required showing (*see Mayes*, 2018 WL 4558419, at *10), and none of the arguments that he has raised in the instant motion has led me to change my view. Petitioner, of course, remains free to request a certificate of appealability from the circuit. *See id.*