UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Antoine Mayes, <br><br> *Petitioner*, <br><br> – against – <br><br> United States, <br><br> *Respondent*. | 12-CR-0385 <br> 17-CV-6789 <br><br> **Not for Publication** <br><br> **Opinion & Order** |

ROSS, United States District Judge:

This is Antoine Mayes's third motion for reconsideration of the denial of his motion for relief under 28 U.S.C. § 2255. For the following reasons, this motion is denied, and I will not consider any subsequent motions for reconsideration realleging these same arguments.

**I.     Background on the Instant Motion**

Mayes's third motion for reconsideration argues that the crimes on which Mayes's 18 U.S.C. § 924(c) convictions are predicated do not constitute crimes of violence. *See* Br. in Supp. of Pet'r's Third Mot. to Amend 1–4, ECF No. 336-1. The four § 924(c) convictions at issue (Counts Two, Six, Eight and Ten) are predicated on: (1) a charge of racketeering (Count One), for which the jury found proven sixteen charged racketeering acts—including four attempted murders (in violation of New York State Penal Law), one robbery (in violation of North Carolina state law), and more than two federal drug trafficking crimes; and (2) three separate, federal, attempted murder in aid of racketeering charges, in violation of 18 U.S.C. § 1959(a)(5) (Counts Five, Seven and Nine). Mayes contends that these four convictions violate due process because they rely on an unconstitutionally vague provision: § 924(c)(3)(B), a "residual clause," which defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

1

The same issue was previously raised in Mayes's initial motion to vacate and each of his prior motions for reconsideration, but it was not raised upon direct appeal of his convictions. *See* Pet'r's Mot. to Vacate 4, ECF No. 306; Br. in Supp. of Pet'r's First Mot. to Amend 4–6, ECF No. 317-1; Pet'r's Second Mot. to Amend 14–15, ECF No. 328. In each of my decisions on these motions, I have noted that Mayes's claim was likely procedurally barred because it was not raised on direct appeal. *See Mayes v. United States*, No. 1:12-CR-0385 (ARR), 2018 WL 4558419, at *4 (E.D.N.Y. Sept. 21, 2018) ("*Mayes I*"); *Mayes v. United States*, No. 12-CR-0385 (ARR), 2019 WL 1332885, at *3 (E.D.N.Y. Mar. 25, 2019) ("*Mayes II*"); *Mayes v. United States*, No. 12-CR-0385, 2019 WL 2912758, at *4 (E.D.N.Y. July 8, 2019) ("*Mayes III*").

Mayes's due process argument is premised on the United States Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015). *See* Pet'r's Mot. to Vacate 5 ("Following the US Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2552 (2015), movant asserts that his predicate crimes do not qualify as a crime of violence under section 924(c)[.]"). *Johnson* held that § 924(e)(2)(B)(ii), which defined "violent felony" to include a felony that "involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2555–56, 2563. *Johnson* was decided several months prior to the filing of Mayes's direct appeal.

*Johnson* led to litigation on similar statutes defining crimes of violence, including § 924(c)(3)(B). The Second Circuit initially found that § 924(c)(3)(B) required a different type of analysis than § 924(e)(2)(B)(ii), and therefore it was not similarly void for vagueness. *United States v. Barrett*, 903 F.3d 166, 178 (2d Cir. 2018), *vacated*, 139 S. Ct. 2774 (2019) (Mem.), *and abrogated by United States v. Davis*, 139 S. Ct. 2319 (2019). However, the Supreme Court rejected *Barrett*'s analysis in *Davis*, which held that § 924(c)(3)(B) was also unconstitutionally vague. *Davis*, 139 S. Ct. at 2325 n.2, 2336; *see also Barrett v. United States*, 139 S. Ct. 2774 (2019)

(vacating and remanding *Barrett*, 903 F.3d 166 (2d Cir. 2018)). *Davis* did not affect the other clause of § 924(c), which defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" § 924(c)(3)(A).

On this instant motion, Petitioner argues that my prior decisions should be reconsidered because I "overlooked statutory and constitutional requirements" by finding that this claim was barred due to procedural default. Pet'r's Third Mot. to Amend 2, ECF No. 336. Petitioner urges me to consider the issue on the merits and find that his predicate offenses, including attempted murder, are not crimes of violence, now that § 924(c)(3)(B) is void, because they do not meet the alternate definition laid out in § 924(c)(3)(A).

## II. Discussion

Once again, I deny petitioner's motion on grounds that it is procedurally barred. Moreover, even if the argument was not procedurally barred, it fails on the merits.

### A. **Procedural Default**

Mayes's challenge to his § 924(c) convictions is procedurally barred due to his failure to raise this issue in his direct appeal.[1] *See Mayes I*, 2018 WL 4558419, at *4;, at *3; *Mayes III*, 2019 WL 2912758, at *4.

"In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). There is an exception to this rule for cases where the petitioner demonstrates either "(1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Id.* Mayes has demonstrated neither.

---

[1] Petitioner claims that *Mayes I* stated that "his 'crime of violence' argument under 18 U.S.C. § 924(c) was 'not' procedurally barred." Br. in Supp. of Pet'r's Third Mot. to Amend 9–10. In fact, *Mayes I* stated that "he is likely barred from raising it now. . . . Nevertheless, even were it not procedurally barred, the petitioner's argument would fail on the merits." *Mayes I*, 2018 WL 4558419, at *4.

3

As noted above and in my prior decisions, Mayes's due process argument relies on *Johnson*, which was decided several months before his direct appeal was filed. *See Mayes I*, 2018 WL 4558419, at *4. This means that *Johnson* cannot serve as cause to excuse the procedural default. *See United States v. Key*, Nos. 12-Cr-712-1 (SHS), 18-Cv-7716 (SHS), 2019 WL 2314693, at *8 (S.D.N.Y. May 31, 2019) (finding *Johnson* argument procedurally defaulted when petitioner did not raise it on appeal despite *Johnson* having already been decided). The instant motion focuses on the more recent precedent of *Davis*, but Mayes had all of "the tools to construct" a constitutional vagueness challenge to § 924(c)(3)(B) before *Davis* was decided, so *Davis* also does not provide cause. *Engle v. Isaac*, 456 U.S. 107, 131–33 (1982). Finally, the fact that *Barrett* was initially decided by the Second Circuit contrary to Mayes's position does not provide cause, as "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Engle*, 456 U.S. at 130 n.35). Therefore, Mayes has not presented a cause and ensuing prejudice exception to excuse procedural default.[2]

Mayes has also not presented an "actual innocence" exception, the alternative excuse for procedural default traditionally accepted in this circuit. *Thorn*, 659 F.3d at 231. He instead constructs an alternative exception based on the "manifest injustice" of an "illegal sentence." Br. in Supp. of Pet'r's Third Mot. to Amend 13–14 (citing *United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993); *Lofton v. United States*, 920 F.3d 572 (8th Cir. 2019); *United States v. Jackson*, No. 2:08–cr–2, 2017 WL 9401119 (D. Vt. Jan. 19, 2017), *report and recommendation adopted as modified*, No. 2:08–cr–2, 2017 WL 4011238 (D. Vt. Sept. 12, 2017)). In the most relevant of these cases, the Eighth Circuit recently held that a sentence imposed with an erroneous Armed Career Criminal Act enhancement "presents a 'miscarriage of justice' that § 2255 permits

---

[2] For the reasons discussed *infra* in Section II.B, Mayes has also failed to show prejudice.

us to correct, despite . . . failure to raise the issue earlier." *See Lofton*, 920 F.3d at 576. While such an argument may be plausible in different circumstances, here, there is no miscarriage of justice because Mayes's crime-of-violence claim fails on the merits.

**B. <u>Merits</u>**

Even overlooking the procedural default, the motion fails on the merits. Each of Mayes's four § 924(c) convictions relies on a predicate offense that categorically qualifies as a crime of violence under § 924(c)(3)(A).[3] This provision is known as the "force clause" because it defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" § 924(c)(3)(A). This force clause was not invalidated by *Davis*, as it is does not have the same vagueness problems as the residual clause. *See* 139 S. Ct. at 2324 (listing the two clauses and discussing constitutional arguments against the residual clause). Because the force clause provides a basis for Mayes's § 924(c) convictions, those convictions stand and Mayes has not been prejudiced nor is he subject to an "illegal sentence" or any other "manifest injustice."

As described above, the four § 924(c) convictions at issue (Counts Two, Six, Eight and Ten) are predicated on: (1) a charge of racketeering (Count One), for which the jury found proven sixteen charged racketeering acts—including, four attempted murders (in violation of New York State Penal Law), one robbery (in violation of North Carolina state law), and more than two federal drug trafficking crimes; and (2) three separate, federal, attempted murder in aid of racketeering charges, in violation of 18 U.S.C. § 1959(a)(5) (Counts Five, Seven and Nine).

---

[3] In *Mayes I*, I explicitly declined to answer this question, as it was not required under the controlling Second Circuit precedent of *Barrett*. I answer this question now because it explains why Mayes's claims fail on the merits, and why no exception excuses his procedural default.

If attempted murder, as defined both in New York and federally, categorically meets the criteria of the force clause, all of Mayes's convictions are predicated on § 924(c)(3)(A) crimes of violence and there is no error.[4] Thus, I focus my analysis on attempted murder.

As relevant here, the force clause's definition of a crime of violence includes a felony with an element of "attempted use . . . of physical force against the person . . . of another." § 924(c)(3)(A). At least two unpublished Second Circuit opinions hold that attempted murder in the second degree under New York law meets this definition. *United States v. Praddy*, 729 F. App'x 21, 23–24 (2d Cir. 2018) (summary order); *United States v. Scott*, 681 F. App'x 89, 95 (2d Cir. 2017) (summary order). ("Attempted murder in the second degree [under New York Penal Law] is a crime unmistakably involving 'an attempted use . . . of physical force' within § 924(c)(3)(A)."); *see also Northover, v. United States*, Nos. 16-CV-6086 (KMK), 11-CR-630 (KMK), 2019 WL 6173704, at *4 (S.D.N.Y. Nov. 19, 2019). Persuasive authority similarly holds that federal attempted murder in aid of racketeering is also a crime of violence under § 924(c)(3)(A). *Gordillo Portocarrero v. United States*, Nos. 1:16-cv-00763 (LMB), 110-CR-00066-1 (LMB), 2019 WL 181119, at *7 (E.D. Va. Jan. 11, 2019) (holding that attempted murder in aid of racketeering is a crime of violence because "[a]ccording to the plain language of the force clause itself, the 'attempted use' of force is indistinguishable from 'the use' of force."); *Bonilla v. United States*, Nos. 07 CR 0097 (SJ), 16 CV 3269 (SJ), 2017 WL 8813076, at *1 (E.D.N.Y. Aug. 23, 2017) (holding that attempted murder in aid of racketeering is a crime of violence because "[m]urder necessarily entails enough force to cause injury"); *cf. United States v. Armour*, 840 F.3d 904, 907–09, 909 n.3 (7th Cir. 2016) (holding that attempted federal bank robbery is a "crime of violence" because "[a]n attempt

---

[4] "[W]here the government proves (1) the commission of at least two acts of racketeering and (2) at least two of those acts qualify as 'crime[s] of violence' under § 924(c), a § 1962 conviction serves as a predicate for a conviction under § 924(c)." *United States v. Ivezaj*, 568 F.3d 88, 96 (2d Cir. 2009). If attempted murder under New York law is a crime of violence, the racketeering conviction serves as a predicate for the § 924(c) conviction.

6

conviction requires proof of intent to carry out all elements of the crime, including, for violent offenses, threats or use of violence," as well as a "substantial step toward completion of the crime").

Petitioner argues that the word "attempt" means something different in § 924(c)(3)(A) as compared to New York law or other portions of the federal criminal code, such that a conviction for "attempted murder" does not necessarily require that a defendant "attempt[ed] any violent action." Pet'r's Reply Br. Third Mot. to Amend 8–9, ECF No. 343. (citing *People v. Naradzay*, 900 N.E.2d 924, 928–29 (N.Y. 2008). But in fact, the cited case says the opposite, stating that under New York law, to be convicted of an attempt, "the defendant's conduct must have passed the stage of mere intent or mere preparation to commit a crime . . . . In other words, the defendant must have engaged in conduct that came dangerously near commission of the completed crime." *Naradzay*, 900 N.E.2d at 928 (internal citations and quotation marks omitted). The defendant in *Naradzay* wrote out a detailed plan to commit murder, followed that plan by bringing a loaded shotgun to the intended victim's home, and was thwarted by the police before he could carry out the murder. *Id.* The fact that he did not fire the gun does not negate the finding that he was intending to commit violence and came "dangerously near" to doing so. *Id.* This case does not prove that a person can be convicted of attempted murder without the "attempted use . . . of physical force against the person . . . of another." § 924(c)(3)(A).

Attempted murder, under either the New York state or federal standard, requires the attempted use of physical force. There is no evidence that "attempt" in § 924(c)(3)(A) requires a higher degree of conduct than the "dangerously near" requirement of New York law or the "substantial step" requirement of federal law. Even if petitioner's case was not procedurally barred, he would fail on the merits.

## III. Conclusion

For the foregoing reasons, petitioner's third motion for reconsideration is denied, and I will not consider subsequent motions repeating the same arguments.

So ordered.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:     November 25, 2019
           Brooklyn, New York