UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTOINE MAYES,

        *Petitioner*,

— against —

UNITED STATES OF AMERICA,

        *Respondent*.

12-CR-385(2) (ARR)
20-CV-2826 (ARR)
21-CV-4108 (ARR)

**Opinion & Order**

ROSS, United States District Judge:

Petitioner, Antoine Mayes, moves *pro se* under 28 U.S.C. § 2255 to vacate, set aside, or correct his firearms convictions in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The government opposes. For the reasons set forth below, petitioner's motion is denied.

### BACKGROUND[1]

On May 13, 2014, petitioner was convicted by a jury of the following eleven counts contained in the fourth superseding indictment:

    Count One:    Racketeering, 18 U.S.C. §§ 1961(1), (5), 1962(c);

---

[1] I assume familiarity with the facts of this case, described in detail in my prior opinions and orders. *See United States v. Mayes*, No. 12-CR-385 (ARR), 2014 WL 3530862, at *1 (E.D.N.Y. July 10, 2014) (denying motions under Federal Rules of Criminal Procedure 29 and 33), *aff'd*, 650 F. App'x 787 (2d Cir. 2016) (summary order); *Mayes v. United States* ("*Mayes I*"), No. 12-CR-385 (ARR), 2018 WL 4558419 (E.D.N.Y. Sept. 21, 2018) (denying first motion to vacate under 28 U.S.C. § 2255); *see also Mayes v. United States* ("*Mayes II*"), No. 12-CR-385 (ARR), 2019 WL 1332885, at *1 (E.D.N.Y. Mar. 25, 2019) (denying first motion for reconsideration); *Mayes v. United States* ("*Mayes III*"), No. 12-CR-385 (ARR), 2019 WL 2912758, at *1 (E.D.N.Y. July 8, 2019) (denying second motion for reconsideration); *Mayes v. United States* ("*Mayes IV*"), No. 12-CR-385 (ARR), 2019 WL 6307411, at *2 (E.D.N.Y. Nov. 25, 2019) (denying third motion for reconsideration).

| | | |
|---|---|---|
| Count Two: | Unlawful Use and Possession of Firearms, 18 U.S.C. § 924(c); |
| Count Four: | Conspiracy to Commit Murder in Aid of Racketeering, 18 U.S.C. § 1959(a); |
| Count Five: | Attempted Murder in Aid of Racketeering, 18 U.S.C. § 1959(a); |
| Count Six: | Unlawful Use and Discharge of a Firearm, 18 U.S.C. § 924(c); |
| Count Seven: | Attempted Murder in Aid of Racketeering, 18 U.S.C. § 1959(a); |
| Count Eight: | Unlawful Use and Discharge of a Firearm, 18 U.S.C. § 924(c); |
| Count Nine: | Attempted Murder in Aid of Racketeering, 18 U.S.C. § 1959(a); |
| Count Ten: | Unlawful Use and Discharge of a Firearm, 18 U.S.C. § 924(c); |
| Count Eleven: | Attempted Possession of Cocaine with Intent to Distribute, 18 U.S.C. §§ 841(b), 846; and |
| Count Twelve: | Possession of Cocaine Base with Intent to Distribute, 21 U.S.C. § 841(a)–(b). |

Fourth Superseding Indictment ("Indictment"), ECF No. 115; Verdict Sheet, ECF No. 194; Crim. J. 1–2, ECF No. 256.

As relevant here, one of petitioner's four § 924(c) firearms convictions (Count Two) was predicated on his racketeering conviction (Count One), and his other three § 924(c) firearms convictions (Counts Six, Eight, and Ten) were each predicated on one of his three separate attempted murder convictions (Counts Five, Seven, and Nine). Indictment 14, 18–20; Verdict Sheet 5–6, 8–10. At trial, I instructed the jury to consider a given firearms count against petitioner only if it first found beyond a reasonable doubt that petitioner was guilty of that count's underlying predicate offense. *See* Trial Tr. 67:18–24, 84:4–16 (May 13, 2014), ECF No. 285 ("Jury Charge"). With respect to Count Two, I further instructed the jury that "[t]he first element that the government must prove" was that the defendant "committed a crime of violence or drug trafficking crime," and that if the jury found petitioner "guilty of the racketeering offense charged in Count

2

One, this offense satisfies the definition of a crime of violence or drug trafficking crime, because every racketeering act alleged in Count One falls into one of those two categories." *Id.* at 67:6–14. With respect to Counts Six, Eight, and Ten, I similarly instructed that "the government must prove . . . that the defendant committed the charged crime of violence," that "the crimes of violence alleged in these counts are the attempted murders charged in Counts Five, Seven, and Nine respectively," and that "attempted murder is a crime of violence." *Id.* at 83:17–18, 83:22–84:3.

With those instructions, among others, the jury convicted petitioner on all of the above counts, finding proved every single racketeering act in which petitioner was named in Count One:

Act 7:   Attempted Murder, N.Y. Penal Law §§ 125.25(1), 110.00, 20.00;

Act 8A:  Conspiracy to Commit Robbery, N.C. Gen. Stat. §§ 14-87.1, 14-2.4(a);

Act 8B:  Robbery, N.C. Gen. Stat. §§ 14-87.1, 14-5.2;

Act 9:   Possession of Cocaine with Intent to Distribute, 21 U.S.C. § 841(a)–(b);

Act 10:  Conspiracy to Murder, N.Y. Penal Law §§ 125.25(1), 105.15;

Act 11:  Attempted Murder, N.Y. Penal Law §§ 125.25(1), 110.00, 20.00;

Act 12:  Attempted Murder, N.Y. Penal Law §§ 125.25(1), 110.00, 20.00;

Act 13:  Attempted Murder, N.Y. Penal Law §§ 125.25(1), 110.00, 20.00;

Act 14:  Attempted Possession of Cocaine with Intent to Distribute, 21 U.S.C. §§ 841(a)–(b), 846; and

Act 15:  Possession of Cocaine Base with Intent to Distribute, 21 U.S.C. § 841(a)–(b).

Indictment 1–14; Verdict Sheet 1–4.[2]

---

[2] Prior to the case being submitted to the jury, I granted the government's motion to dismiss several of the charged racketeering acts. Order (May 13, 2014), ECF No. 192. Accordingly, to avoid jury confusion, I renumbered the counts and racketeering acts in the jury charge and verdict sheet. To avoid confusion here, I refer to the counts and racketeering acts using the numbers presented to the jury, not the numbers listed in the fourth superseding indictment or the judgment.

3

On January 8, 2015, I sentenced petitioner to a total term of 110 years' imprisonment, consisting of concurrent sentences of 5 years' imprisonment on each of Counts One, Six, Seven, Nine, Eleven, Thirteen, and Fourteen, as well as consecutive sentences of 30 years' imprisonment on Count Two, 25 years' imprisonment on Count Eight, 25 years' imprisonment on Count Ten, and 25 years' imprisonment on Count Twelve. Crim J. 3–4. On January 15, 2015, petitioner appealed the judgment against him, Notice of Appeal, ECF No. 258, and on November 6, 2015, he submitted his opening brief to the Second Circuit, Br. & App., *United States v. Mayes*, No. 13-2331 (2d Cir. Nov. 6, 2015), ECF No. 122. On May 31, 2016, the circuit affirmed the judgment. *United States v. Mayes*, 650 F. App'x 787 (2d Cir. 2016) (summary order).

On November 16, 2017, petitioner filed a motion under 28 U.S.C. § 2255 seeking "to set aside [his] four gun convictions, which compose the vast majority of his sentence, on the grounds of ineffective assistance of counsel and lack of due process." *Mayes I*, 2018 WL 4558419, at *1; *see* First Mot. Vacate, ECF No. 306. I ultimately denied that motion, as well as petitioner's three subsequent motions to reconsider the denial, on both procedural grounds and the merits. *See Mayes I*, 2018 WL 4558419; *Mayes II*, 2019 WL 1332885; *Mayes III*, 2019 WL 2912758; *Mayes IV*, 2019 WL 6307411. Petitioner appealed the denial, Notice of Appeal, ECF No. 331, and on May 28, 2020, the circuit dismissed his appeal, Mot. Order, *Mayes v. United States*, No. 19-1556 (2d Cir. May 28, 2020), ECF No. 89.

On June 22, 2020, petitioner filed a second § 2255 motion. Second Mot. Vacate, ECF No. 356; *see also* Am. Second Mot. Vacate, ECF No. 357. I determined that this new motion was an unauthorized successive motion under § 2255(h), and I denied it on that basis. *See* Text Order (June 26, 2020). Consequently, petitioner sought authorization from the Second Circuit to file a successive § 2255 motion. Not. Appeal, ECF No. 358; *see* Mot. File Successive Pet., *Mayes v.*

4

*United States*, No. 20-3123 (2d Cir. Sept. 11, 2020), ECF No. 2.[3] The circuit concluded that because petitioner's second § 2255 motion was filed prior to final adjudication of his first § 2255 motion, it would not in fact be a successive motion. 2d Cir. Order 1–2, ECF No. 374 (noting that adjudication of the first motion became final only when "Petitioner's time to petition the Supreme Court for writ of certiorari expired in August 2020"). The circuit then transferred the matter back to this court "for whatever further action the district court finds appropriate, as if it had been filed directly in the district court." *Id.* at 2 (citation omitted). The circuit also specifically instructed me to "determine in the first instance what effect, if any, [my] prior decision," denying petitioner's first § 2255 motion, "has on Petitioner's present claims." *Id.* at 2 n.*.

In accordance with the circuit's directive, I ordered the government to file a response to petitioner's second § 2255 motion. Text Order (Feb. 12, 2021). On March 15, 2021, the government filed its opposition, Gov't's Opp'n, ECF No. 378, and on April 6, 2021, petitioner filed a reply, Pet'r's Reply, ECF No. 385.

Petitioner's second § 2255 motion seeks relief on three principal grounds that overlap in large part with the arguments raised in petitioner's first § 2255 motion. First, petitioner argues that "[b]ecause Count [Two] of the indictment charged one or more Section 924(c) offenses based on multiple predicate offenses, some of which do not constitute crimes of violence[,] and because the general-jury-verdict form did not specify as to what racketeering acts the firearm conviction[] applied, . . . the firearm conviction[] must be vacated." Mot. File Successive Pet. 8–17, 25–27. Second, petitioner argues that "th[is] firearm conviction[] must also be vacated" because it "may rest on uncharged acts of racketeering." *Id.* at 17–21. Third, petitioner argues that because

---

[3] Petitioner's motion as filed in the Second Circuit was later refiled on this docket. *See* Suppl. Second Mot. Vacate, ECF No. 392.

attempted murder can no longer serve as a predicate crime for a § 924(c) firearm conviction, his convictions on Counts Six, Eight, and Ten must be vacated. *Id.* at 23–25. In asserting these new claims, petitioner relies primarily on the Supreme Court's recent decision in *Davis* and the Second Circuit's subsequent decision in *United States v. Barrett* ("*Barrett II*"), 937 F.3d 126 (2d Cir. 2019), which abrogated the circuit's pre-*Davis* decision in *United States v. Barrett* ("*Barrett I*"), 903 F.3d 166 (2d Cir. 2018). *See* Pet'r's Reply 7–8; 2d Cir. Order 2 n.*.  Petitioner seeks vacatur of his firearms convictions and resentencing. Mot. File Successive Pet. 19, 21, 24; Am. Second Mot. Vacate 5, 10, 13.

## DISCUSSION

"A prisoner in custody under sentence of a [federal] court" may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the "ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). My review of such a motion is "narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." *United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018). "In general," for example, "a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). Nevertheless, I should liberally construe a *pro se* petition, interpreting it "to raise the strongest arguments that [it] suggest[s]," *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (citation omitted), and I "shall vacate and set the judgment aside" if I find that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack," 28 U.S.C. § 2255(b); *see, e.g.*, *Sebbern v. United States*, No. 10-CR-87 (AMD), 2021 WL 1210312, at *4 (E.D.N.Y. Mar. 31, 2021).

## I. Petitioner's Challenge Remains Procedurally Barred.

I previously concluded that any "challenge to [petitioner's] § 924(c) convictions is procedurally barred due to his failure to raise this issue in his direct appeal." *Mayes IV*, 2019 WL 6307411, at *2; *see also Mayes I*, 2018 WL 4558419, at *4; *Mayes II*, 2019 WL 2912758, at *3; *Mayes III*, 2019 WL 2912758, at *4. To be sure, there are narrow exceptions to this rule, but I explained that this case does not appear to present any such exception. *See, e.g.*, *Mayes IV*, 2019 WL 6307411, at *2 (finding inapplicable cause and ensuing prejudice, actual innocence, and miscarriage of justice exceptions). Petitioner's second motion once again fails to demonstrate an exception that would excuse his procedural default. Petitioner does not advance any new arguments addressing this issue, and I am aware of no precedent, pre- or post-dating my prior decision, that could compel me to reconsider my conclusion that he is procedurally barred from bringing the instant challenge.

## II. Petitioner's Challenge Fails on the Merits.

I also previously concluded that, "[e]ven overlooking the procedural default," petitioner's first challenge to his § 924(c) convictions "fail[ed] on the merits." *Mayes IV*, 2019 WL 6307411, at *3. *Davis* and its progeny, including *Barrett II*—which was decided before and incorporated into my denial of petitioner's third motion for reconsideration, *see Mayes IV*, 2019 WL 6307411, at *1—do not provide a basis for me to reach a different conclusion with respect to petitioner's second challenge. In short, all four of petitioner's § 924(c) convictions are based on predicate offenses that remain valid within this circuit.

Section 924(c) prohibits the possession or use of a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). As originally enacted, the statute defines a "crime of violence" as "an offense that is a felony" and:

7

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). The statute defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." *Id.* § 924(c)(2).

In *Davis*, the Supreme Court struck down as unconstitutionally vague § 924(c)(3)(B), commonly known as the "residual clause." 139 S. Ct. at 2323–24.[4] Thus, a conviction under § 924(c) can now only be sustained if the predicate offense qualifies as either a "drug trafficking crime" or a "crime of violence," as defined in § 924(c)(3)(A), commonly known as the "elements clause" or the "force clause." *See United States v. Heyward*, No. 19-1054, 2021 WL 2638609, at *4 (2d Cir. June 28, 2021); *United States v. Culbert*, 453 F. Supp. 3d 595, 597 (E.D.N.Y. 2020) ("Any valid application of § 924(c) . . . must proceed from an underlying conviction qualifying under the elements clause."). To determine whether a predicate offense qualifies as a crime of violence under the elements clause, I must employ what is called the categorical approach, under which I "identify the minimum criminal conduct necessary for conviction under a particular statute," "look[ing] only to the statutory definitions—*i.e.*, the elements—of the offense, and not to the particular underlying facts." *United States v. Thrower*, 914 F.3d 770, 774 (2d Cir. 2019) (citation and quotation marks omitted); *see also, e.g.*, *Heyward*, 2021 WL 2638609, at *4; *Barrett II*, 937 F.3d at 128. "A state criminal offense may serve as a predicate crime of violence only if it

---

[4] *Davis* itself followed the Supreme Court's earlier decisions in *Johnson v. United States* and *Sessions v. Dimaya*, which had struck down similar residual clauses in other statutes. 576 U.S. 591 (2015) (striking down residual clause in 18 U.S.C. § 924(e)(2)(B)(ii)); 138 S. Ct. 1204 (2018) (striking down residual clause in 18 U.S.C. § 16(b)).

categorically requires proof of the elements listed in the elements clause." *Rudaj v. United States*, No. 04-CR-1110 (DLC), 2021 WL 1172333, at *5 (S.D.N.Y. Mar. 29, 2021).

As a further consequence of *Davis*, the Supreme Court vacated the Second Circuit's judgment in *Barrett I*, *see Barrett v. United States*, 139 S. Ct. 2774, (2019), upon which my initial denial of petitioner's first § 2255 motion partially relied. *See Mayes I*, 2018 WL 4558419, at *4 (explaining that *Barrett I* had "distinguished" § 924(c)(3)(B) from "the statutes at issue in *Johnson* and *Dimaya*"). On remand, the Second Circuit decided *Barrett II*, which held that, after *Davis*, a conspiracy to commit a violent felony was not categorically a crime of violence and could no longer support a conviction under § 924(c)'s remaining elements clause. 937 F.3d at 127, 129; *see also Heyward*, 2021 WL 2638609, at *4.

### A. Count Two

Petitioner's § 924(c) conviction on Count Two is predicated on his racketeering conviction on Count One, within which the jury found proved all of the racketeering acts charged against him. Indictment 1–14; Verdict Sheet 1–4; Crim. J. 1. The Racketeer Influenced and Corrupt Organizations ("RICO") Act makes it unlawful for a person to participate in the affairs of a racketeering enterprise through a pattern of racketeering activity. 18 U.S.C. § 1962(c); *see, e.g.*, *United States v. Gotti*, 451 F.3d 133, 136 (2d Cir. 2006). The statute defines "racketeering activity" to include numerous enumerated federal and state crimes, and a "pattern of racketeering activity" to require "at least two acts of racketeering activity." 18 U.S.C. § 1961(1), (5).

Where a petitioner challenges a § 924(c) conviction based on a substantive RICO offense that petitioner argues does not qualify as a crime of violence, the Second Circuit has held that, "[b]ecause racketeering offenses hinge on the predicate offenses comprising the pattern of racketeering activity," I must "look to the predicate [racketeering] offenses to determine whether

9

a crime of violence is charged." *United States v. Ivezaj*, 568 F.3d 88, 96 (2d Cir. 2009); *see, e.g.*, *Rudaj*, 2021 WL 1172333, at *5–6 ("[T]o determine whether a RICO violation could qualify as a predicate, courts should look through the elements of § 1962(c) itself to the underlying racketeering acts and determine whether those predicate racketeering acts qualify as crimes of violence."); *Speed v. United States*, No. 16-CV-4500 (PKC), 2020 WL 7028814, at *7–8 (S.D.N.Y. Nov. 30, 2020) (same). If this inquiry reveals that the government charged and the jury found proved that (1) petitioner committed "at least two acts of racketeering and (2) at least two of those acts qualify as 'crime[s] of violence' under § 924(c), a § 1962 conviction serves as a predicate for a conviction under § 924(c)." *Ivezaj*, 568 F.3d at 96. "The presence of underlying racketeering acts that are not crimes of violence does not alter this principle." *Speed*, 2020 WL 7028814, at *8.[5]

Neither *Davis* nor subsequent Second Circuit case law "provide[s] a basis to deviate from" *Ivezaj* in this case. *Rudaj*, 2021 WL 1172333, at *6. The Supreme Court "has not specifically addressed whether (or under what circumstances or by what theory) substantive RICO can be classified as a 'crime of violence,' as defined in the 'force clause' of § 924(c)," and *Ivezaj* continues to provide "clear-cut *Circuit* authority" instructing that "a substantive RICO offense is a violent crime" "at least where *two* violent predicate acts are found as part of the pattern" of

---

[5] In reaching its holding in *Ivezaj*, the Second Circuit appeared to apply a version of the "*modified* categorical approach," *United States v. Martinez*, 991 F.3d 347, 359 (2d Cir. 2021), which instructs that, "[i]f it is not clear from the face of the relevant statute whether a defendant *necessarily* was charged with or convicted of a qualifying violent felony or drug-trafficking offense," the court should "look to a limited class of documents from the record of conviction to determine what crime, with what elements, a defendant was convicted of," *Heyward*, 2021 WL 2638609, at *4 (citations and quotation marks omitted); *see also Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (noting that this "limited class of documents" may include, "for example, the indictment, jury instructions, or plea agreement and colloquy"). Thus, the court in *Ivezaj* looked beyond the RICO statute to the particular racketeering acts charged to determine whether the "charged RICO offense was a crime of violence." *Ivezaj*, 568 F.3d at 96; *see Martinez*, 991 F.3d at 359.

racketeering. *Martinez*, 991 F.3d at 358–59 ("[I]n a substantive RICO case in which the jury was required to find, or the defendant to admit, a predicate act that by its nature and elements requires the use of force, the RICO offense would be, under the logic of *Ivezaj*, a violent crime."). Accordingly, since petitioner's substantive RICO conviction properly serves as a predicate crime of violence for his § 924(c) conviction so long as at least two underlying racketeering acts qualify as crimes of violence, "the relevant question becomes whether any of the racketeering acts underlying [petitioner's racketeering conviction] qualify as crimes of violence." *Rudaj*, 2021 WL 1172333, at *6.[6]

I conclude here, as I have previously concluded in this case, that multiple of the racketeering acts charged and proved against petitioner continue to qualify as crimes of violence under § 924(c)'s elements clause after *Davis* and *Barrett II*. Specifically, in my prior opinion denying petitioner's third motion for reconsideration of his first § 2255 motion, I explained that each of the four racketeering acts of attempted murder (Acts 7, 11, 12, and 13) "categorically meets the criteria of the force clause." *Mayes IV*, 2019 WL 6307411, at *3–4; *see also, e.g.*, *United States v. Sierra*, 782 F. App'x 16, 20 (2d Cir. 2019) (summary order); *United States v. Praddy*, 729 F. App'x 21, 23–24 (2d Cir. 2018) (summary order); *United States v. Scott*, 681 F. App'x 89, 95 (2d Cir. 2017) (summary order); *Sanchez v. United States*, No. 10-CR-392(19) (CS), 2021 WL 1164538, at *4–5 (S.D.N.Y. Mar. 25, 2021); *Frazier v. United States*, No. 17-CR-364(7) (CS), 2021 WL 111638, at *3–4 (S.D.N.Y. Jan. 12, 2021); *Northover v. United States*, No. 11-CR-630 (KMK), 2019 WL 6173704, at *4 (S.D.N.Y. Nov. 19, 2019); *United States v. Key*, No. 12-CR-

---

[6] In at least two recent decisions, the Second Circuit has raised, without resolving, the issue of "the extent to which *Ivezaj* retains any of its force" after *Davis* and *Barrett II*. *Heyward*, 2021 WL 2638609, at *8; *see Martinez*, 991 F.3d at 356. "But neither the Second Circuit nor the Supreme Court has overturned or abrogated *Ivezaj*, and [I am] therefore bound to follow it." *Rudaj*, 2021 WL 1172333, at *6 n.10.

11

712(1) (SHS), 2019 WL 2314693, at *8 (S.D.N.Y. May 31, 2019); *cf.* 18 U.S.C. § 924(c)(3)(A) (defining "crime of violence" to include a felony that "has as an element the . . . attempted use . . . of physical force against the person . . . of another"); *Heyward*, 2021 WL 2638609, at *4 ("'[T]he minimum criminal conduct necessary for [a qualifying] conviction under' § 924(c) must include actual, attempted, or threatened physical force against a person or his property." (quoting *United States v. Hill*, 890 F.3d 51, 55–56 (2d Cir. 2018))). Thus, because the jury explicitly found proved at least four charged racketeering acts that clearly qualify as crimes of violence under § 924(c), Count One remains a valid predicate for petitioner's Count Two conviction. *See Ivezaj*, 568 F.3d at 96; *Speed*, 2020 WL 7028814, at *8–9.[7]

I do agree with petitioner that other charged and proved racketeering acts that may have previously been considered crimes of violence under § 924(c) no longer qualify as such after *Davis* and *Barrett II*. The Second Circuit has now held that "a conspiracy offense cannot categorically involve the use of force, since its key element is simply an *agreement* to commit a crime." *Martinez*, 991 F.3d at 354 ("[C]onspiracy offenses are not *categorically* violent crimes."). Accordingly, courts in this circuit have found that conspiracy to murder, in violation of N.Y. Penal Law §§ 125.25(1), 105.15 (Act 10), can no longer be considered a crime of violence. *See, e.g.*, *United States v. Rodriguez*, No. 94-CR-313 (CSH), 2020 WL 1878112, at *7 (S.D.N.Y. Apr. 15,

---

[7] The charged and proved racketeering act of robbery, in violation of N.C. Gen. Stat. §§ 14-87.1, 14-5.2 (Act 8B), may also very well be considered a crime of violence under § 924(c). *Cf. United States v. Dinkins*, 928 F.3d 349, 357 (4th Cir. 2019) (holding that North Carolina common law robbery "qualifies as a violent felony under the ACCA's force clause," 18 U.S.C. § 924(e)(2)(B)(i)); *United States v. Gattis*, 877 F.3d 150, 158 (4th Cir. 2017) (holding that the same offense "qualified as a . . . crime of violence" under the U.S. Sentencing Guidelines §§ 2K2.1(a)(4)(A), 4B1.2(a)). I need not definitively decide this question, however, since the four charged and proved racketeering acts of attempted murder are more than sufficient under *Ivezaj* for petitioner's substantive RICO conviction to serve as a predicate offense for his § 924(c) conviction. *See* 568 F.3d at 96; *Mayes IV*, 2019 WL 6307411, at *3 n.4.

12

2020); *cf. United States v. Dhinsa*, No. 97-CR-672 (ERK), 2020 WL 7024377, at *2–3 (E.D.N.Y. Nov. 30, 2020); *Sessa v. United States*, No. 92-CR-351 (ARR), 2020 WL 3451657, at *5 (E.D.N.Y. June 24, 2020). For the same reason, it is clear that conspiracy to commit robbery, in violation of N.C. Gen. Stat. §§ 14-87.1, 14-2.4(a) (Act 8A), can also no longer be considered a crime of violence. *See, e.g.*, *State v. Bindyke*, 288 N.C. 608, 615 (1975) (explaining that a conspiracy under North Carolina criminal law similarly requires only "an agreement between two or more persons to do an unlawful act").[8]

Consequently, my relevant instruction to the jury—that the substantive RICO offense charged on Count One "satisfies the definition of a crime of violence or drug trafficking crime, *because every racketeering act alleged in Count One falls into one of those two categories*," Jury Charge 67:6–14 (emphasis added)—was plainly erroneous in light of *Davis* and *Barrett II*. At a minimum, as discussed above, the two racketeering acts of conspiracy charged in Count One (Acts 8A and 10) no longer fall into either category of valid predicate offenses under § 924(c). *See United States v. Eldridge*, No. 18-3294, 2021 WL 2546175, at *1 (2d Cir. June 22, 2021) ("[W]e agree with Eldridge that conspiracy to commit Hobbs Act robbery—one of the three possible predicates

---

[8] The charged and proved racketeering acts of possession (Acts 9 and 15) and attempted possession (Act 14) of narcotics with intent to distribute, in violation of 21 U.S.C. §§ 841(a)–(b), 846, also do not qualify as crimes of violence. *See United States v. Diaz*, 778 F.2d 86, 88 (2d Cir. 1985) ("[N]arcotics offenses do not constitute crimes of violence within the meaning of § 924(c)."). Yet they do undoubtedly qualify as drug trafficking crimes, since they are "felon[ies] punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2); *see* Indictment 9–11; Verdict Sheet 3–4. As I have already concluded, however, that petitioner's substantive RICO conviction serves as a valid predicate for his § 924(c) conviction because the four charged and proved racketeering acts of attempted murder qualify as crimes of violence under § 924(c)(3)(A), *see Mayes IV*, 2019 WL 6307411, at *3, I need not decide whether, in the alternative, the RICO conviction serves as a valid predicate because the three charged and proved racketeering acts of possession and attempted possession of narcotics qualify as drug trafficking crimes under § 924(c)(2), *see, e.g.*, *Heyward*, 2021 WL 2638609, at *4 ("Alternatively, a § 924(c) conviction may be premised on a drug-trafficking crime, including conspiracies.").

13

for his § 924(c) conviction—is not a crime of violence under *Davis* and *Barrett.* It was therefore error for the court to instruct the jury that all three predicates, including the conspiracy, were crimes of violence for the purposes of § 924(c).").

Nevertheless, any instructional error in this case was, at most, harmless. *See* Fed. R. Crim. P. 52(a) ("Any error . . . that does not affect substantial rights must be disregarded."); *Eldridge*, 2021 WL 2546175, at *8 n.16 (explaining that "whether a defendant's substantial rights have been affected by an erroneous jury instruction" typically turns on "whether a defendant has been 'prejudic[ed]' by the error—*i.e.*, whether there is 'a reasonable probability that the error affected the outcome of the trial'" (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010))). First, and most obviously, petitioner's substantive RICO conviction on Count One still does satisfy the definition of a crime of violence under the prevailing precedent in this circuit. *See Ivezaj*, 568 F.3d at 96; *Speed*, 2020 WL 7028814, at *9 ("The jury explicitly found the substantive robbery acts, which are crimes of violence, proved. The jury found more than two acts proven that qualify as crime[s] of violence under § 924(c), and therefore, [the petitioner]'s [substantive RICO] conviction remains a valid predicate for his [§ 924] conviction." (citation and quotation marks omitted)); *see also Heyward*, 2021 WL 2638609, at *5 (finding reversible error where the jury was asked to determine, for the purpose of convicting the defendant of a § 924(c) offense, only whether the defendant used a firearm in furtherance of "*[e]ither*" an invalid conspiracy predicate "*or*" a valid drug trafficking predicate). Thus, because the sole predicate offense underlying petitioner's § 924(c) conviction on Count Two remains valid, this § 924(c) conviction stands, and petitioner was not "prejudic[ed] by the error." *Eldridge*, 2021 WL 2546175, at *8 n.16 (citation and quotation marks omitted).

Second, in related contexts, "[c]ourts in the Second Circuit have consistently held that a §

14

924(c) conviction may survive even when one of multiple predicates has been invalidated." *Dhinsa*, 2020 WL 7024377, at *2–3 (quoting *United States v. Medunjanin*, No. 10-CR-19 (BMC), 2020 WL 5912323, at *6 (E.D.N.Y. Oct. 6, 2020)) (rejecting petitioner's attempt "to vacate his conviction under 18 U.S.C. § 924(c) on the ground that one of the predicates underlying the conviction . . . no longer counts as a crime of violence following [*Davis*]"); *see also, e.g.*, *Gray v. United States*, 980 F.3d 264, 266 (2d Cir. 2020) (explaining that, where the petitioner's § 924(c) conviction was predicated on two separate offenses, the court may "focus on whether [one of the offenses] is a crime of violence" and, if so, the court "need not examine whether [the other offense] is [also] a categorical crime of violence"); *United States v. Walker*, 789 F. App'x 241, 244–45 (2d Cir. 2019) (summary order) (upholding § 924(c) conviction because it "rested on convictions for both conspiracy *and* substantive Hobbs Act robbery as the predicate crimes of violence"); *United States v. Riley*, No. 20-CV-2201 (RJD), 2021 WL 2186229, at *4 (E.D.N.Y. May 28, 2021) ("[T]he Circuit has, in several summary orders, plainly rejected the theory that . . . the presence of one invalid predicate automatically invalidates the § 924(c) conviction."); *Speed*, 2020 WL 7028814, at *7–9 (rejecting the petitioner's "argu[ment] that because the jury did not specify which of the . . . racketeering acts underlying [its substantive RICO verdict on] Count One . . . formed the predicate for its [§ 924(c)] verdict, the Court must assume that it was the [invalid] conspiracy acts"); *United States v. Erbo*, No. 08-CV-2881 (LAP), 2020 WL 6802946, at *2 (S.D.N.Y. Nov. 19, 2020) ("[T]he bulk of authority counsels that, where a Section 924(c) conviction rests on both valid and invalid predicate crimes of violence, the valid predicate may sustain the conviction."). "The correct rule is that if a jury is instructed on both valid and invalid predicate offenses, the conviction stands if the verdict 'undoubtedly rests on a valid . . . predicate.'" *Sessa*, 2020 WL 3451657, at *5 (quoting *United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016) (summary

15

order)); *see also, e.g.*, *Dhinsa*, 2020 WL 7024377, at *3; *Erbo*, 2020 WL 6802946, at *2.

Although the verdict sheet in this case did not require the jury to specify which racketeering acts charged in Count One formed the basis of its verdict on Count Two, there is no doubt that the jury predicated its verdict on Count Two "at least in some part" on the racketeering acts of attempted murder. *Erbo*, 2020 WL 6802946, at *3. Overwhelming evidence was adduced at trial that firearms were used and possessed in furtherance of the attempted murders, *see, e.g.*, Trial Tr. 1506:10–1511:25 (May 5, 2014), ECF No. 280 (Act 7); Trial Tr. 2227:2–2229:13 (May 7, 2014), ECF No. 282 (Act 7); Trial Tr. 2423:2–2444:10 (May 8, 2014), ECF No. 283 (Act 11); *id.* at 2666:9–2669:25 (Act 12); *id.* at 2461:1–2466:6 (Act 13), and the jury separately found petitioner guilty beyond a reasonable doubt on Counts Five, Seven, and Nine—the three related, substantive charges of attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), Indictment 18–20; Verdict Sheet 8–10. Given these circumstances, "[t]he notion that [petitioner]'s conviction under § 924(c) was predicated *only* on" the now-invalid racketeering acts, and not on the attempted murders for which firearms were used, "is absurd." *Dhinsa*, 2020 WL 7024377, at *3; *see also, e.g.*, *Riley*, 2021 WL 2186229, at *5 ("There is simply no reasonable interpretation of the facts under which the jury, having found beyond a reasonable doubt that the defendants committed the specific killings charged in the substantive predicates and corresponding racketeering acts, would have found that a firearm was used only in connection with the conspiracies to murder but not the actual murders."); *Sessa*, 2020 WL 3451657, at *5 ("No rational jury would return a verdict of guilty on a § 924(c) charge predicated on two conspiracies to commit murder with a firearm and the substantive offense of murder committed with a firearm, and not return the same verdict if predicated only on the murder committed with a firearm.").

Indeed, there is no "reasonable probability" that the jury would have failed to return a

16

verdict of guilty on Count Two "even if it had been instructed that only [the attempted murder racketeering acts] [were] valid predicate[s] under § 924(c)." *Eldridge*, 2021 WL 2546175, at *8 & n.16; *see also, e.g.*, *United States v. Minaya*, 841 F. App'x 301, 305 (2d Cir. 2021) (summary order) ("[W]e have no doubt that a rational juror would have convicted [the petitioner] on the § 924(c) charge even had Hobbs Act robbery been the sole predicate charged."); *Dhinsa*, 2020 WL 7024377, at *3 ("It is clear beyond any reasonable doubt that the jury would have convicted [the petitioner] of violating § 924(c) had it been instructed that only [the charged crimes of violence] were valid predicates."). Accordingly, the fact that certain charged and proved racketeering acts are retroactively neither crimes of violence nor drug trafficking crimes, as defined in § 924(c), or that the government may have introduced at trial evidence of additional, uncharged acts of racketeering, Mot. File Successive Pet. 8–21, 25–27, did not affect the jury's verdict on Count Two, *see Eldridge*, 2021 WL 2546175, at *6, *10.

Because petitioner's substantive RICO conviction on Count One continues to serve as a valid predicate for his § 924(c) conviction on Count Two, and because the jury undoubtedly rested its Count Two verdict on its Count One verdict (as well as Count One's underlying racketeering acts that qualify as valid crimes of violence), petitioner's first and second grounds for relief are unavailing, and vacatur of petitioner's § 924(c) conviction on Count Two is not warranted.

### B. Counts Six, Eight, and Ten

Petitioner's § 924(c) convictions on Counts Six, Eight, and Ten are each predicated on one of his three separate, substantive convictions for attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), on Counts Five, Seven, and Nine. Indictment 14, 18–20; Verdict Sheet 5–6, 8–10. As explained above, I previously concluded in this case, in accord with the courts of this circuit, that "[a]ttempted murder, as defined both in New York and federally,

17

categorically meets the criteria of the force clause." *Mayes IV*, 2019 WL 6307411, at *3–4; *see supra* Discussion II.A (collecting cases). Accordingly, an attempted murder conviction was and remains a valid predicate for a § 924(c) conviction after *Davis* and *Barrett II*. Petitioner's third ground for relief is therefore unavailing, and vacatur of petitioner's § 924(c) convictions on Counts Six, Eight, and Ten—predicated on his attempted murder convictions on Counts Five, Seven, and Nine, respectively—is not warranted.

## CONCLUSION

For the reasons set forth above, petitioner's motion is denied. Because he has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. However, petitioner may make such an application to the Second Circuit. The Clerk of Court is respectfully directed to enter judgment accordingly.

SO ORDERED.

Dated:   July 22, 2021                                   /s/
         Brooklyn, NY                              Allyne R. Ross
                                                   United States District Judge