UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTOINE MAYES, | 12-CR-385-2 (ARR) |
| | 17-CV-6789 (ARR) |
| *Petitioner*, | |
| — against — | NOT FOR PRINT OR ELECTRONIC PUBLICATION |
| UNITED STATES OF AMERCIA | |
| *Respondent*. | OPINION & ORDER |

ROSS, United States District Judge:

Defendant Antoine Mayes has filed a motion for compassionate release, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). The government opposes, asserting that Mr. Mayes has failed to show both that extraordinary and compelling reasons warrant his release and that the § 3553(a) factors weigh in favor of early release. For the reasons set forth below, Mr. Mayes's motion for compassionate release is denied.

## BACKGROUND

From the 1990s through 2010, Mr. Mayes was one of the leaders of a violent criminal enterprise that, among other things, was engaged in narcotics and guns distribution.[1] On May 13, 2014, the petitioner was convicted by a jury on eleven

---

[1] I assume familiarity with the facts and procedural history of this case, described in detail in my prior opinions and orders. *See United States v. Mayes*, No. 12-CR-385

counts, including racketeering, unlawful use and possession of firearms in connection with a racketeering offense, and attempted murder in aid of racketeering. *See* ECF No. 194. On January 8, 2015, I sentenced Mr. Mayes to a total term of 110 years' imprisonment. *See* ECF No. 254.

On October 17, 2022, Mr. Mayes filed the instant motion, seeking (1) reconsideration of my July 21, 2021, order denying his motion to vacate his conviction, and (2) compassionate release. By order dated October 21, 2022, I denied the motion for reconsideration as an unauthorized second motion to vacate. I denied Mr. Mayes's prior motion to vacate in July 2021. *See Mayes V*, 2021 WL 3111906 (E.D.N.Y. July 21, 2021). His subsequent appeal was dismissed by the Second Circuit on April 18, 2022. *See* Order Dismissing Appeal, ECF No. 399. Adjudication of that motion is considered final because Mr. Mayes's opportunity to seek review in the Supreme Court expired in July 2022. *See Whab v. United States*, 408 F.3d 116,

---

(ARR), 2014 WL 3530862, at *1 (E.D.N.Y. July 10, 2014) (denying motions under Federal Rules of Criminal Procedure 29 and 33), *aff'd*, 650 F. App'x 787 (2d Cir. 2016) (summary order); *Mayes v. United States* ("*Mayes I*"), No. 12-CR-385 (ARR), 2018 WL 4558419 (E.D.N.Y. Sept. 21, 2018) (denying first motion to vacate under 28 U.S.C. § 2255); *see also Mayes v. United States* ("*Mayes II*"), No. 12-CR-385 (ARR), 2019 WL 1332885, at *1 (E.D.N.Y. Mar. 25, 2019) (denying first motion for reconsideration); *Mayes v. United States* ("*Mayes III*"), No. 12-CR-385 (ARR), 2019 WL 2912758, at *1 (E.D.N.Y. July 8, 2019) (denying second motion for reconsideration); *Mayes v. United States* ("*Mayes IV*"), No. 12-CR-385 (ARR), 2019 WL 6307411, at *2 (E.D.N.Y. Nov. 25, 2019) (denying third motion for reconsideration); *Mayes v. United States ("Mayes V")*, No 12-CR-385 (ARR), 2021 WL 3111906, at *1 (E.D.N.Y. July 21, 2021) (denying second motion to vacate under 28 U.S.C. § 2255).

120 (2d Cir. 2005); 28 U.S.C. § 2101(c) (petitioner has 90 days to apply for a writ of certiorari). Mr. Mayes did not provide any reason for me to relieve him from my order under Rule 60(b) of the Federal Rules of Civil Procedure. Accordingly, I could not reconsider my prior order denying Mr. Mayes's motion to vacate.

The government responded to Mr. Mayes's motion for compassionate release on December 2, 2022. Mr. Mayes failed to submit a reply.

## DISCUSSION

## MOTION FOR COMPASSIONATE RELEASE

### I. Legal Standard

The First Step Act allows criminal defendants to move for "[m]odification of an imposed term of imprisonment" before a federal sentencing court. 18 U.S.C. § 3582(c). There are three prerequisites to a court's granting compassionate release under the First Step Act. First, to file a motion for compassionate release, a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or await "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Second, the court must find that "extraordinary and compelling reasons warrant" release. *Id.* § 3582(c)(1)(A)(i). Finally, the court must weigh any extraordinary and compelling reasons against the applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* § 3582(c)(2). The statute sets out a fourth requirement: that the

"reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). But the Second Circuit has held that the policy statement governing compassionate release—§ 1B1.13—"governs only motions brought by the director of the Bureau of Prisons, not those brought directly by inmates." *United States v. Keitt*, 21 F.4th 67, 71 n.2 (2d Circuit 2021); *see United States v. Brooker*, 976 F.3d 228, 237-38 (2d Cir. 2020).

Even if these prerequisites are met, "district courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *United States v. Cato*, No. 16-CR-326 (ARR), 2020 WL 5709177, at *3 (E.D.N.Y. Sept. 24, 2020) (citation and quotation marks omitted). Where, as here, the movant is pro se, a motion for compassionate release should "be construed liberally to raise the strongest arguments [it] suggest[s]," yet the defendant still bears the burden of establishing that he is eligible for compassionate release. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *United States v. Harrison*, No. 14-CR- 167 (NRB), 2021 WL 1144820, at *1 (S.D.N.Y. Mar. 24, 2021). In determining what constitutes "extraordinary and compelling reasons," a district court has "discretion" to consider "the full slate" of arguments that defendants present to support a sentence reduction. *Brooker*, 976 F.3d at 237.

Although I am not bound by the policy statement set forth in the Sentencing Guidelines explicating extraordinary and compelling reasons, I may look to that

4

provision for guidance. *See United States v. Thrower*, 495 F.Supp.3d 132, 137 (E.D.N.Y. 2020). A sentence reduction is consistent with the Sentencing Commission's policy statement in instances where the defendant is suffering from a terminal illness, or the age of the defendant has led to a serious deterioration in health. *Id.* (citing U.S. Sent'g Guidelines Manual § 1B1.13 cmt. 1(A); (B) (U.S. Sent'g Comm'n 2018)). Per the policy statement, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for the purposes of compassionate release. U.S. Sent'g Guidelines Manual § 1B1.13 cmt. 3 (U.S. Sent'g Comm'n 2021) ("U.S.S.G.").

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . . .
> (5) any pertinent [Sentencing Commission] policy statement . . . .

  (6) the need to avoid unwarranted sentence disparities among [d]efendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a). The Sentencing Commission policy statement provides guidance as to how I should weigh these § 3553 factors, though I am not bound by its directives. Per that statement, the court may reduce a defendant's term of imprisonment "if '[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'" *United States v. Hatcher*, No. 18-CR-454-10 (KPF), 2021 WL 1535310, at *3 (S.D.N.Y. Apr. 19, 2021) (quoting U.S.S.G. § 1B1.13(2)). The § 3142(g) factors are largely duplicative of those in § 3553(a), but they also include "whether the offense is a crime of violence" and "the weight of the evidence against the [defendant]." 18 U.S.C. § 3142(g)(1)–(4).

  With respect to the exhaustion requirement, the Second Circuit has clarified that it "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release. Rather, § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that may be waived or forfeited by the government." *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021). Though he does not include his initial request to the warden for compassionate release among the exhibits attached to this motion, Mr. Mayes apparently submitted such a request to the warden of USP Allenwood. On July 25, 2022, the warden responded that Mayes had requested compassionate relief based on "extraordinary and compelling

6

circumstances[,]" including "the COVID-19 pandemic, [his] good conduct while incarcerated, and the changes in federal law." Mot. for Compassionate Relief ("Comp. Release Mot."), Ex. 2, ECF No. 403. But the warden rejected Mr. Mayes's request, stating that he did "not meet the requisite criteria under extraordinary and compelling circumstances." *Id.* The warden informed Mr. Mayes that he could appeal that decision through the administrative remedy process. *Id.* There is no suggestion in the record either that Mr. Mayes proceeded with an administrative appeal or that any other employee of USP Allenwood responded substantively. However, I do not understand the government to argue that Mr. Mayes has failed to exhaust the administrative remedies, so I proceed to consider whether Mr. Mayes has stated extraordinary and compelling reasons for release, and if so, whether those reasons are outweighed by the § 3553(a) factors.

## II. Mr. Mayes Has Not Demonstrated That Extraordinary and Compelling Reasons Weigh in Favor of His Release

Mr. Mayes's motion for compassionate release focuses almost exclusively on the authority of the court to order compassionate release. Comp. Release Mot. 11-12. He supplies no information as to his personal circumstances nor insights into the extraordinary and compelling reasons he claims warrant the court "taking a second look." *Id.* The warden's rejection letter in response to Mayes's initial administrative request indicates that his arguments there relied on the dangers of the COVID-19 pandemic, his good conduct while incarcerated, and intervening changes in the law.

7

*Id.*, Ex. 2. But even construing those arguments liberally, Mr. Mayes's has not established any of these reasons sufficiently to justify compassionate release.

Courts have found that particular vulnerabilities to complications from COVID-19 can constitute an extraordinary and compelling reason warranting compassionate release. *See, e.g.*, *United States v. Sawicz*, 453 F.Supp.3d 601, 605 (E.D.N.Y. 2020). But Mr. Mayes gives no indication that he suffers from comorbidities, nor does he provide insight into any other condition that might make him more particularly vulnerable to COVID-19. Although the current Omicron variant spreads more easily and can cause reinfection among vaccinated individuals, it is considered less severe in causing illness and death. *See Variants of the Virus*, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/variants/index.html (last visited Dec. 29, 2022). Further, although carceral settings carry an inherent risk of rapid infection spread, the current risk of exposure at USP Allenwood appears minimal. As of December 29, 2022, zero staff members and zero inmates at USP Allenwood were reported to be currently infected with COVID-19. *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Dec. 29, 2022).

Beyond a statement that he is currently enrolled in classes, Mr. Mayes presents no further evidence of rehabilitation. It may well be true that people, including Mr. Mayes, "grow, mature, and evolve," and that "conditions and circumstances

8

change." Comp. Release Mot. 8. But rehabilitation, as the sole basis for compassionate relief, is simply not enough. The only intervening change in law that Mr. Mayes cites is the passing of the First Step Act itself, which enables him to bring this motion. Based on the record before me, I conclude that there have been no changes in law or fact that justify a reduction in Mr. Mayes's sentence.

### III.   Section 3553(a) Factors

Because I find Mr. Mayes has failed to demonstrate extraordinary and compelling reasons are present in this case, I need not turn to the § 3553(a) factors. But those factors, too, militate against Mr. Mayes's release, in particular because of the scope and severity of Mr. Mayes's offenses. The violence of his offenses and the harm that they caused weigh against a reduction in Mr. Mayes's sentence and a reduction would not adequately reflect the seriousness of defendant's offenses, deter similar criminal conduct, or protect the public. *See* 18 U.S.C. § 3553(a)(2).

Mr. Mayes points generally to his efforts at rehabilitation and provides supporting letters indicating his good character and prospects for employment upon release, all of which I commend. S*ee* Comp. Release Mot. Ex. 1; Letter in Support, ECF No. 405; Letter in Support, ECF No. 406. But I cannot agree, based on the very limited facts in front of me, that Mr. Mayes's generalized health risks and rehabilitative efforts outweigh the severity of his crimes. Thus, the application of the § 3553(a) factors would not justify a reduction in Mr. Mayes's sentence.

## CONCLUSION

For the foregoing reasons, Mr. Mayes's motion for compassionate release is denied.

SO ORDERED.

Dated: January 3, 2023
Brooklyn, NY

/s/
Allyne R. Ross
United States District Judge